LAW OFFICES OF AMY N. TIRRE, APC  
AMY N. TIRRE, ESQ. #6523  
3715 Lakeside Drive, Suite A  
Reno, NV 89509  
Telephone: (775) 828-0909  
Facsimile: (775) 828-0914  
E-mail: amy@amytirrelaw.com  

ROBERTSON, JOHNSON, MILLER & WILLIAMSON  
50 West Liberty Street, Suite 600  
Reno, NV 89501  
Telephone: (775) 329-5600  
Facsimile: (775) 348-8300  
Email: Rich@NVLawyers.com  

*Counsel for Andronico Family Partnership, L.P.*

E-Filed: June 22, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>GUARDIAN FUND, LLC,<br><br>Debtor. | Case No.: BK-23-50177-nmc<br>Case No.: BK-23-50233-nmc<br>**Consolidated Under Case No.: BK-23-50177-nmc (Chapter 11)**<br><br>**MOTION TO APPROVE STIPULATION BETWEEN ANDRONICO FAMILY PARTNERSHIP, L.P. AND DEBTOR GUARDIAN FUND, LLC REGARDING INAPPLICABILITY OF AUTOMATIC STAY UNDER 11 U.S.C. §362(a) TO 12 RESIDENTIAL REAL PROPERTIES**<br><br>Hearing Date: Negative Notice LR 4001(c)(2)<br>Hearing Time:<br>Est. Time: |

Andronico Family Partnership, L.P., a California limited partnership ("Andronico"), by and through undersigned counsel, hereby moves this Court to approve the *Stipulation between Andronico Family Partnership, L.P. and Debtor Guardian Fund, LLC Regarding Inapplicability of Automatic Stay Under 11 U.S.C. §362(a) to 12 Residential Real Properties*, filed on June 22, 2023 as ECF No. 124 ("Stipulation"). This Motion is made pursuant to the following points and authorities, the Stipulation with all of its attached exhibits, the pleadings and papers on file. Andronico seeks approval without a hearing pursuant to Rule 4001(d)(3) of the Federal Rules of

Bankruptcy Procedure and LR 4001(c)(2).

## Memorandum of Points and Authorities

**I.  Introduction**

The Stipulation addresses the 12 Residential Real Properties[1] that Andronico purchased from Debtor Guardian Fund, LLC ("Debtor"), which are identified in Exhibit 1 to the Stipulation. Pursuant to the Stipulation, the parties agree that: (1) they are not property of Debtor's estate pursuant to 11 U.S.C. §541(a) and the automatic stay does not apply; (2) Andronico may proceed with exercising its rights as the record title holder and owner of these 12 Residential Real Properties, including, but not limited to, listing and selling them to third parties; (3) the Lease Agreement between Debtor and Andronico was terminated pre-petition and Debtor has no legal, equitable or possessory interest in these 12 Residential Real Properties under the terminated Lease Agreement; and (4) the 12 separate Releases of Deed Restrictions recorded against the 12 Residential Real Properties are valid and enforceable.

**II.  Jurisdiction and Legal Authority**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought is 11 U.S.C. §362(d), §365(c)(3) and §541(b)(2) and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure and LR 4001(c)(2).

**III.  Factual Background**

A.  On March 17, 2023, certain petitioning creditors ("Petitioning Creditors") filed a Chapter 7 Involuntary Petition Against a Non-Individual as Case No. 23-50177-nmc (the "Involuntary Case") against the Debtor. See ECF No. 1, Case No. 23-50177-nmc.

B.  On April 11, 2023, Debtor filed a Chapter 11 Voluntary Petition for Non-Individuals Filing for Bankruptcy, initiating Case No. 23-50233-nmc (the "Voluntary Chapter 11 Case"). See ECF No. 1, Case No. 23-50233-nmc. Pursuant to 11 U.S.C. § 301(b), the commencement of Debtor's

---

[1] Capitalized terms not defined herein are defined in the Stipulation.

2

1  Voluntary Chapter 11 Case constitutes an order for relief under Chapter 11 of the Bankruptcy Code.
2  See 11 U.S.C. § 301(b).

3    C. On April 17, 2023, the Debtor filed a Stipulation Between Debtor and Petitioning
4  Creditors to Consolidate Involuntary and Voluntary Cases Pursuant to Fed. R. Bankr. P. 1015(a)
5  ("Stipulation") in both the Involuntary Case and the Voluntary Chapter 11 Case. See ECF No. 17,
6  Case No. 23-50233-nmc; ECF No. 12, Case No. 23-50177-nmc.

7    D. On April 27, 2023, the Court entered its Order Approving Stipulation Between
8  Debtor and Petitioning Creditors to Consolidate Involuntary and Voluntary Cases Pursuant to Fed.
9  R. Bankr. P. JOI 5(a) and Fixing Petition Date and Commencement Date [ECF No. 15, Case No.
10 23-50177-nmc; ECF No. 28, Case No. 23-50233-nmc] ("Consolidation Order"). The Consolidation
11 Order consolidated the Involuntary Case together with the Voluntary Chapter 11 Case under the
12 first-filed case, 23-50177-nmc, and fixed the Chapter 11 petition date, as defined under 11 U.S.C. §
13 101(42), to March 17, 2023 ("Petition Date").

14   E. No trustee has been appointed in this case and Debtor acts as Debtor-in-Possession;
15 however, the Office of the United States Trustee has filed a Motion Under 11 U.S.C. 1104(a) to
16 Appoint a Chapter 11 Trustee or, in the Alternative, an Examiner on June 13, 2023 [ECF No. 107].

17   F. On May 10, 2023, the Office of the United States Trustee appointed the Official
18 Committee of Unsecured Creditors [ECF No. 54]. Paul Andronico who serves as the Trustee of the
19 General Partners of Andronico Family Partnership, L.P. was appointed to the Committee.

20   G. Debtor's business consists of buying, selling, and managing rental properties
21 primarily in Ohio, Missouri, and Alabama. As of the Petition Date, the Debtor owned, directly or
22 through wholly owned subsidiaries, approximately 300 real properties and managed approximately
23 1,500 additional properties under certain lease agreements. See Schedules [ECF Nos. 21 and 33]
24 and Statement of Financial Affairs [ECF Nos. 22 and 63].

25   H. On December 6, 2021, Andronico as purchaser and Debtor as seller entered into a
26 Purchase and Sale Agreement (hereinafter the "Initial Purchase Agreement"), pursuant to which
27 Andronico agreed to purchase seven (7) residential real properties in Missouri and five (5)
28 residential real properties in Alabama for a total of twelve (12) residential real properties

3

(collectively hereinafter the "12 Residential Real Properties") from Debtor for the purchase price of $1,643,670.00 ("Initial Purchase Agreement"); a copy of the Purchase Agreement is attached to he Stipulation as Exhibit 2. The 12 Residential Real Properties with purchase prices are identified as follows:

|  | Address | APN | Purchase Price |
|---|---|---|---|
| 1. | 5129 Arrow Avenue<br>Anniston, Alabama 36206 | 18-04-19-1-014-003.000 | $174,781 |
| 2. | 7209 3rd Avenue N<br>Birmingham, Alabama 35206 | 23-00-15-2-014-005.000 | $190,790 |
| 3. | 1705 Exeter Avenue<br>Bessemer, Alabama 35020 | 38-00-10-3-008-009.000 | $164,885 |
| 4. | 417 Lapsley Avenue<br>Anniston, Alabama 36207 | 21-03-08-3-001-042.000 | $183,587 |
| 5. | 2406 Avenue J<br>Birmingham, Alabama 35218 | 29-00-06-2-014-009.000 | $107,199 |
| 6. | 9721 Midland Blvd.<br>Overland, Missouri 63114 | 14L-24-0185 | $88,557 |
| 7. | 2811 Brazeau Avenue<br>Brentwood, Missouri 63144 | 21K-23-0172 | $227,475 |
| 8. | 6621 Camberlain Avenue<br>St. Louis, Missouri 63130 | 17H-11-0790 | $126,189 |
| 9. | 6108 Alaska Avenue<br>St. Louis, Missouri 63111 | 2931-00-0140-0 | $111,784 |
| 10. | 1467 Columbia Hills Court<br>St. Louis, Missouri 63138 | 08E-63-0798 | $126,738 |
| 11. | 8109 Cler Avenue<br>St. Louis, Missouri 63114 | 14J-11-0091 | $57,600 |
| 12. | 5635 College Avenue<br>St. Louis, Missouri 63136 | 14G-53-1175 | $84,085 |

    I.    Concurrently with the execution of the Initial Purchase Agreement, Andronico and

4

Guardian also entered into a Side Letter of Guardian Fund Secured Investment Agreement (hereinafter "Side Letter") that, among other things, modified the Purchase Agreement to include Debtor's agreement to repurchase the 12 Residential Real Properties from Andronico at the same price paid by Andronico for a period of 24 months ("the Repurchase Obligation"); a copy of the Side Letter is attached to the Stipulation as Exhibit 3. The Initial Purchase Agreement and the Side Letter are hereinafter collectively referred to as the "Purchase Agreement."

J. On December 6, 2021, Andronico as Lessor and Debtor as Lessee also entered into a Lease Agreement requiring Debtor to pay a fixed amount of rent each month as well as maintain and repair the 12 Residential Real Properties and undertake other actions with respect to the 12 Residential Real Properties ("the Lease"); a copy of the Lease Agreement is attached to the Stipulation as Exhibit 4.

K. On January 19, 2022, Andronico paid the purchase price in the amount of $1,643,670 to acquire the 12 Residential Real Properties.

L. By email dated December 2, 2022, Andronico exercised its right to require Debtor to perform under its contractual Repurchase Obligation and repurchase the 12 Residential Real Properties for the same purchase price paid by Andronico; a copy of Andronico's December 2, 2022 email to Debtor is attached to the Stipulation as Exhibit 5.

M. On December 2, 2022, Debtor, in an email, acknowledged receipt of Andronico's exercise of its repurchase rights and also confirmed Debtor would begin processing the repurchase paperwork on December 5, 2022; a copy of Debtor's December 2, 2022 email to Andronico is attached hereto as Exhibit 6.

N. On December 7, 2022, Debtor notified Andronico and other parties via email that it was closing the Guardian Fund to new investors and redemptions; a copy of Debtor's December 7, 2022 email is attached to the Stipulation as Exhibit 7.

O. On January 31, 2023, Andronico sent its written Notice of Termination of Lease Agreement pursuant to Section 1(B) of the Lease giving 30 days' notice of the termination of the Lease with respect to all 12 Residential Real Properties; a copy of the written Notice of Termination of Lease Agreement is attached to the Stipulation as Exhibit 8.

P. On March 7, 2023, Hughes Private Capital, LLC ("HPC"), Debtor's then-Manager, sent a letter to Andronico confirming the "Termination of Lease Agreement" and informing Andronico that "we have successfully offboarded the following properties [the 12 Residential Real Properties] from Krch Realty's property management systems effective March 7, 2023;" a copy of this letter is attached to the Stipulation as Exhibit 9.

Q. In March and April 2023, Debtor and HPC as "Releasors" executed twelve (12) separate "Termination & Release of Deed Restriction" documents with respect to the 12 Residential Real Properties; eleven were executed on March 15, 2023 and the twelfth was executed on April 5, 2023 (417 Lapsley Lane, Anniston, Alabama 36207). On March 27, 2023, eleven Termination & Release of Deed Restrictions were recorded against the respective real properties and on April 14, 2023, the twelfth was recorded; copies of each of these twelve separate recorded Termination & Release of Deed Restrictions are attached to the Stipulation as Exhibit 10.

R. The purpose of the Termination & Release of Deed Restrictions was for Debtor and HPC to terminate their "Deed Restriction – Right of First Offer to HPC," which had previously been recorded against each of the 12 Residential Real Properties.

## IV. Key Provisions of the Stipulation

1. Andronico is the record title holder and owner of the 12 Residential Real Properties identified herein and on Exhibit 1. The 12 Residential Real Properties are not property of Debtor's bankruptcy estate under 11 U.S.C. §541(a).

2. The Lease between Andronico as Lessor and Debtor as Lessee was properly terminated in accordance with its terms prior to the filing of the Involuntary Bankruptcy Case and the Voluntary Chapter 11 case. 11 U.S.C. §365(c)(3). The Lease is not property of Debtor's bankruptcy estate and is not subject to assumption or rejection under 11 U.S.C. §365.

3. The recorded Termination & Release of Deed Restrictions are valid and enforceable to terminate the "Deed Restriction – Right of First Offer to HPC" that were encumbering the 12 Residential Real Properties.

4. Debtor has no legal, equitable or possessory right, title or interest in the 12 Residential Real Properties.

LAW OFFICES OF AMY N. TIRRE
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

5. The automatic stay under 11 U.S.C. §362(a) does not apply to the 12 Residential Real Properties.

6. Andronico may exercise any and all of its rights as the record title holder and owner of the 12 Residential Real Properties.

7. A copy of the Stipulation and the order approving it may be recorded against any or all of the 12 Residential Real Properties at Andronico's election to confirm that the automatic stay does not apply to these properties.

8. Debtor reserves its rights to raise any defenses in objection to Andronico's claims against the Debtor, except that the Debtor will not allege that Andronico violated the automatic stay with respect to the 12 Residential Real Properties.

9. Nothing in the Stipulation shall be construed as consent or acknowledgement by the Debtor that Andronico's sale of the 12 Residential Real Properties is warranted or commercially reasonable.

10. The Stipulation, the order approving it and any order granting relief from the automatic stay entered pursuant to it shall become effective upon entry and is not subject to the fourteen (14) day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

**V.    Legal Authority**

Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure provides in pertinent part:

> **(d) Agreement Relating to Relief from the Automatic Stay, Prohibiting or Conditioning the Use, Sale, or Lease of Property, Providing Adequate Protection, Use of Cash Collateral, and Obtaining Credit.**
>
> *(1) Motion; Service.*
>
>> (A) Motion. A motion for approval of any of the following shall be accompanied by a copy of the agreement and a proposed form of order:
>>
>> * * *
>>
>> (iii) an agreement to modify or terminate the stay provided for in § 362;
>>
>> * * *
>>
>> (B) Contents. The motion shall consist of or (if the motion is more than five pages in length) begin with a concise statement of the relief requested, not to exceed five pages, that lists or summarizes, and sets out the location within the relevant documents of, all material

7

provisions of the agreement. In addition, the concise statement shall briefly list or summarize, and identify the specific location of, each provision in the proposed form of order, agreement, or other document of the type listed in subdivision (c)(1)(B). The motion shall also describe the nature and extent of each such provision.

(C) Service. The motion shall be served on: (1) any committee elected under § 705 or appointed under § 1102 of the Code, or its authorized agent, or, if the case is a chapter 9 municipality case or a chapter 11 reorganization case and no committee of unsecured creditors has been appointed under § 1102, on the creditors included on the list filed under Rule 1007(d); and (2) on any other entity the court directs.

(2) *Objection*. Notice of the motion and the time within which objections may be filed and served on the debtor in possession or trustee shall be mailed to the parties on whom service is required by paragraph (1) of this subdivision and to such other entities as the court may direct. Unless the court fixes a different time, objections may be filed within 14 days of the mailing of notice.

(3) *Disposition; Hearing*. If no objection is filed, the court may enter an order approving or disapproving the agreement without conducting a hearing. If an objection is filed or if the court determines a hearing is appropriate, the court shall hold a hearing on no less than seven days' notice to the objector, the movant, the parties on whom service is required by paragraph (1) of this subdivision and such other entities as the court may direct.

Andronico submits that all elements of Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure have been met and that proper notice of this Motion will be given to all necessary parties. Absent an objection filed within the applicable timeframes, Andronico submits that good cause exists to grant the Motion, approve the Stipulation and enter the proposed Order thereon.

**VI.    Andronico Submits that Approval of the Stipulation Without a Hearing under Rule 4001(d)(3) and LR 4001(c)(2) is Warranted if No Timely Objection is Filed**

Rule 4001(d)(3) provides that if no objection is filed the court may enter an order approving the Stipulation without a hearing. LR 4001(c)(2) further provides:

(2) As to all other agreements or stipulations under Fed. R. Bankr. P. 4001(d), upon the filing of a declaration attesting that no objections have been timely filed within fourteen (14) days of the filing and service of the agreement or stipulation and notice thereof, the court may enter an order approving the agreement or stipulation. Nothing contained herein precludes the court from sua sponte setting a hearing with regard to such an agreement or stipulation.

8

After 14 days of the filing and service of the stipulation and notice thereof have expired, Andronico anticipates filing and serving a declaration that no objections have been filed and seeking the entry of the order attached hereto as **Exhibit 1.**

## VII. A Proposed Order is attached hereto as Exhibit 1

A proposed order granting the Motion and Approving the Stipulation is attached hereto as **Exhibit 1**. It provides that the 14-day stay on the effectiveness of the order under Rule 4001(a) of the Federal Rules of Bankruptcy Procedure is waived.

## VIII. Conclusion

Based upon the foregoing, Andronico respectfully requests the Court to grant this Motion, approve the Stipulation without a hearing, enter the proposed order and waive the 14-day on the effectiveness of the Order.

DATED June 22, 2023.

        LAW OFFICES OF AMY N. TIRRE
        A Professional Corporation

        /s/ Amy N. Tirre
        AMY N. TIRRE, ESQ.

        ROBERTSON, JOHNSON, MILLER & WILLIAMSON

        /s/ Richard D. Williamson
        RICHARD . WILLIAMSON, ESQ.

        *Counsel for Andronico Family Partnership, L.P.*

LAW OFFICES OF AMY N. TIRRE
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

9

# CERTIFICATE OF SERVICE

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Law Offices of Amy N. Tirre, APC, that I am over the age of 18 and not a party to the above-referenced case, and that on June 22, 2023 I filed and served the foregoing **MOTION TO APPROVE STIPULATION BETWEEN ANDRONICO FAMILY PARTNERSHIP, L.P. AND DEBTOR GUARDIAN FUND, LLC REGARDING INAPPLICABILITY OF AUTOMATIC STAY UNDER 11 U.S.C. §362(a) TO 12 RESIDENTIAL REAL PROPERTIES** as indicated:

  X     **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

- **SALLIE B ARMSTRONG**    sarmstrong@mcdonaldcarano.com, mhale@mcdonaldcarano.com
- **ROBERT E. ATKINSON**    robert@nv-lawfirm.com, robert-atkinson-5908@ecf.pacerpro.com
- **OGONNA M. BROWN**    obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com
- **LOUIS M BUBALA**    lbubala@kcnvlaw.com, cdroessler@kcnvlaw.com;bsheehan@kcnvlaw.com
- **MICHAEL ANDREW BURKE**    mburke@rssblaw.com, mwilmoth@rssblaw.com
- **WILLIAM D COPE**    william@copebklaw.com, r64042@notify.bestcase.com
- **J CRAIG DEMETRAS**    mail@demetras-oneill.com
- **ELIZABETH A. FLETCHER**    efletcher@fletcherlawgroup.com, edendary@fletcherlawgroup.com
- **NORMA GUARIGLIA**    norma@harrislawreno.com, hannah@harrislawreno.com;steve@harrislawreno.com
- **MARK H. GUNDERSON**    mgunderson@gundersonlaw.com, ckonieczka@gundersonlaw.com
- **JEFFREY L HARTMAN**    notices@bankruptcyreno.com, abg@bankruptcyreno.com
- **KIRK C JOHNSON**    kirk@nvlawyers.com, teresa@nvlawyers.com;eileen@nvlawyers.com;stefanie@nvlawyers.com
- **NATHAN G. KANUTE**    nkanute@swlaw.com, mfull@swlaw.com;jmath@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;ljtaylor@swlaw.com
- **ROBERT R. KINAS**    rkinas@swlaw.com, jmath@swlaw.com;mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;jfung@swlaw.com
- **SEAN P PATTERSON**    illegalpat@aol.com, sbcolling@gmail.com;natesppbk@yahoo.com

- **CATHERINE A. REICHENBERG**  creichenberg@gundersonlaw.com, ealty@gundersonlaw.com
- **SAMANTHA J REVIGLIO**  Samantha@nvlawyers.com, teresa@nvlawyers.com;eileen@nvlawyers.com
- **STEFANIE T. SHARP**  ssharp@rssblaw.com, llucero@rssblaw.com
- **AMY N. TIRRE**  amy@amytirrelaw.com, admin@amytirrelaw.com
- **U.S. TRUSTEE - RN - 7**  USTPRegion17.RE.ECF@usdoj.gov
- **ALEXIS RENEE WENDL**  awendl@swlaw.com, mfull@swlaw.com;jmath@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com
- **RICHARD D WILLIAMSON**  rich@nvlawyers.com, teresa@nvlawyers.com;eileen@nvlawyers.com;stefanie@nvlawyers.com

__X__  **BY MAIL**: by placing the document listed above in a sealed envelope with Postage thereon fully prepaid in the United States Mail at Reno, Nevada, and addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on 22 June 2023, with postage thereon fully prepaid in the ordinary course of business.

**CASSIN T. BROWN**
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 HOWARD HUGHES PARKWAY, SUITE 600
LAS VEGAS, NV 89169

**JARED A. DAY**
OFFICE OF THE US TRUSTEE
300 BOOTH ST #3009
RENO, NV 89509

**J. CORY FALGOWSKI**
BURR & FORMAN LLP
222 DELAWARE AVENUE, SUITE 1030
WILMINGTON, DE 19801

**LAW OFFICES OF WILLIAM D. COPE**
545 MOGUL MOUNTAIN DRIVE
RENO, NV 89523

**KEVIN M PURSEL**
1245 MARS EVANS CITY RD.
EVANS CITY, PA 16033

11

LAW OFFICES OF AMY N. TIRRE
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

**QUEST TRUST CO FBO KEVIN PURSEL**
C/O KEVIN PURSEL
1245 MARS EVANS CITY RD
EVANS CITY, PA 16033

**JAMES M. WALSH**
1037 CLIPPER COURT
DEL MAR, CA 95014

DATED June 22, 2023.

                                          /s/ Meredith Marinello
                            An Employee of Law Offices of Amy N. Tirre, APC

# **EXHIBIT 1**

**EXHIBIT 1**

LAW OFFICES OF AMY N. TIRRE, APC
AMY N. TIRRE, ESQ.  #6523
3715 Lakeside Drive, Suite A
Reno, NV 89509
Telephone: (775) 828-0909
Facsimile: (775) 828-0914
E-mail:  amy@amytirrelaw.com

ROBERTSON, JOHNSON, MILLER & WILLIAMSON
50 West Liberty Street, Suite 600
Reno, NV  89501
Telephone: (775) 329-5600
Facsimile: (775) 348-8300
Email:  Rich@NVLawyers.com

*Counsel for Andronico Family Partnership, L.P.*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>GUARDIAN FUND, LLC,<br><br>Debtor. | Case No.: BK-23-50177-nmc<br>Case No.: BK-23-50233-nmc<br>**Consolidated Under Case No.: BK-23-50177-nmc (Chapter 11)**<br><br>**ORDER GRANTING MOTION TO APPROVE STIPULATION BETWEEN ANDRONICO FAMILY PARTNERSHIP, L.P. AND DEBTOR GUARDIAN FUND, LLC REGARDING INAPPLICABILITY OF AUTOMATIC STAY UNDER 11 U.S.C. §362(a) TO 12 RESIDENTIAL REAL PROPERTIES**<br><br>Hearing Date:   N/A<br>Hearing Time:<br>Est. Time: |

The Court, having considered the Stipulation Between Andronico Family Partnership, L.P. and Debtor Guardian Fund, LLC Regarding the Inapplicability of the Automatic Stay on June 22,

1

2023 as ECF No. 124 ("Stipulation") and the Motion to Approve Stipulation Between Andronico Family Partnership, L.P. and Debtor Guardian Fund, LLC Regarding the Inapplicability of the Automatic Stay on June 22, 2023 as ECF No. 125 ("Motion"); the Stipulation and Motion having been properly noticed; no objections having been filed; no hearing being required under Rule 4001(d)(3) of the Federal Rules of Bankruptcy Procedure and LR 4001(c)(2) and good cause appearing,

IT IS HEREBY ORDERED THAT the Motion is GRANTED and the Stipulation is APPROVED.

IT IS FURTHER ORDERED THAT:

1. Andronico is the record title holder and owner of the 12 Residential Real Properties identified on Exhibit 1. The 12 Residential Real Properties are not property of Debtor's bankruptcy estate under 11 U.S.C. §541(a).

2. The Lease between Andronico as Lessor and Debtor as Lessee was properly terminated in accordance with its terms prior to the filing of the Involuntary Bankruptcy Case and the Voluntary Chapter 11 case. 11 U.S.C. §365(c)(3). The Lease is not property of Debtor's bankruptcy estate and is not subject to assumption or rejection under 11 U.S.C. §365.

3. The recorded Termination & Release of Deed Restrictions are valid and enforceable to terminate the "Deed Restriction – Right of First Offer to HPC" that were encumbering the 12 Residential Real Properties.

4. Debtor has no legal, equitable or possessory right, title or interest in the 12 Residential Real Properties.

5. The automatic stay under 11 U.S.C. §362(a) does not apply to the 12 Residential Real Properties.

6. Andronico may exercise any and all of its rights as the record title holder and owner of the 12 Residential Real Properties.

7. A copy of this Stipulation and the order approving it may be recorded against any or all of the 12 Residential Real Properties at Andronico's election to confirm that the automatic stay does not apply to these properties.

8. Nothing in the Stipulation shall be construed as a waiver of the Debtor's right to raise any defenses in objection to Andronico's claims against the Debtor, except that the Debtor will not allege that Andronico violated the automatic stay with respect to the 12 Residential Real Properties.

9. Nothing in the Stipulation shall be construed as consent or acknowledgement by the Debtor that Andronico's sale of the 12 Residential Real Properties is warranted or commercially reasonable.

IT IS FURTHER ORDERED THAT this order shall become effective upon entry and is not subject to the fourteen (14) day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

###

LAW OFFICES OF AMY N. TIRRE
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

# **EXHIBIT 1**

**EXHIBIT 1**

Andronico Family Partnership LP - Guardian Fund, LLC Property Summary

| Address | APN | Purchase Price | Date of Notice of Lease Termination | Effective Date of Lease Terminations | Date Release of Deed Restriction Signed | Date Release of Deed Restriction Recorded |
|---|---|---|---|---|---|---|
| 5129 Arrow Avenue, Anniston, Alabama, 36206 | 18-04-19-1-014-003.000 | $174,781 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 7209 3rd Avenue N, Birmingham, Alabama, 35206 | 23-00-15-2-014-005.000 | $190,790 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 1705 Exeter Avenue, Bessemer, Alabama, 35020 | 38-00-10-3-008-009.000 | $164,885 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 417 Lapsley Avenue, Anniston, Alabama, 36207 | 21-03-08-3-001-042.000 | $183,587 | 1/31/2023 | 3/8/2023 | 4/5/2023 | 4/14/2023 |
| 2406 Avenue J, Birmingham, Alabama, 35218 | 29-00-06-2-014-009.000 | $107,199 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 9721 Midland Blvd, Overland, Missouri, 63114 | 14L-24-0185 | $88,557 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 2811 Brazeau Avenue, Brentwood, Missouri, 63144 | 21K-23-0172 | $227,475 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 6621 Camberlain Avenue, St. Louis, Missouri, 63130 | 17H-11-0790 | $126,189 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 6108 Alaska Avenue, St. Louis, Missouri, 63111 | 2931-00-0140-0 | $111,784 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 1467 Columbia Hills Court, St. Louis, Missouri, 63138 | 08E-63-0798 | $126,738 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 8109 Cler Avenue, St. Louis, Missouri, 63114 | 14J-11-0091 | $57,600 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |
| 5635 College Avenue, St. Louis, Missouri, 63136 | 14G-53-1175 | $84,085 | 1/31/2023 | 3/8/2023 | 3/15/2023 | 3/27/2023 |