

_____
Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
December 27, 2024

HARRIS LAW PRACTICE LLC
STEPHEN R. HARRIS, ESQ. (NSBN 1463)
NORMA GUARIGLIA, ESQ. (NSBN 16244)
Email: norma@harrislawreno.com
850 E. Patriot Blvd., Suite F
Reno, NV 89511
Telephone: (775) 786-7600
*Attorneys for Jointly Administered Debtors*

McDONALD CARANO LLP
SALLIE B. ARMSTRONG, ESQ. (NSBN 1243)
100 W. Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-2000
Email: sarmstrong@mcdonaldcarano.com
*Attorneys for Official Committee of*
*Unsecured Creditors of Guardian Fund, LLC*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

IN RE:

GUARDIAN FUND, LLC,

☐  AFFECTS THIS DEBTOR

☐  AFFECTS GUARDIAN CV1, LLC

☐  AFFECTS GUARDIAN CV2, LLC

☒  AFFECTS ALL DEBTORS

    Debtors.

_____ /

Case No.: BK-23-50177-hlb
Case No.: BK-23-50233-hlb
**Consolidated Under Case No. BK-23-50177-hlb**
(Chapter 11)

Jointly Administered with:

| 23-50951-hlb | Guardian CV1, LLC |
| 23-50952-hlb | Guardian CV2, LLC |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION, AS AMENDED AND MODIFIED**

**Hearing Date:  December 12, 2024**
**Hearing Time:  9:30 a.m.**

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

1

GUARDIAN FUND, LLC ("**Guardian Fund**" or "**Guardian**"), GUARDIAN CV1, LLC ("**CV1**"), and GUARDIAN CV2, LLC ("**CV2**"), Debtors and Debtors-in-Possession (Guardian Fund, CV1, and CV2 collectively the "**Debtors**") in the above-captioned jointly administered cases ("**Chapter 11 Cases**"), and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GUARDIAN FUND, LLC ("**Committee**") filed their *Second Amended Joint Plan of Reorganization* dated October 20, 2024 [ECF NO. 956]. The *Second Amended Joint Plan of Reorganization* was amended and supplemented by the:

- *Supplement to Second Amended Joint Plan of Reorganization* [ECF No. 997];
- *First Amendment to Second Amended Joint Plan of Reorganization* dated December 2, 2024 [ECF No. 1040];
- *Second Supplement to Second Amended Joint Plan of Reorganization* [ECF No. 1065] ; and
- *Modified Second Amended Joint Plan of Reorganization* dated December 12, 2024 [ECF No. 1069, and together with ECF Nos. 956, 997, 1040, and 1065, the "**Plan**"].

The Plan is incorporated into these Findings of Fact and Conclusions of Law by this reference. Unless otherwise defined herein, all capitalized terms shall have the meanings given such terms in the Plan.

The Court held a confirmation hearing on the Plan on December 12, 2024, at 9:30 a.m. (the "**Confirmation Hearing**"). Norma Guariglia, Esq. of Harris Law Practice LLC appeared on behalf of the Debtors; Aaron Noe, Debtors' representative, was also present. Sallie B. Armstrong, Esq. of McDonald Carano LLP appeared on behalf of the Committee, and Committee members, Lebo Newman, Kirk Johnson, and Roger Iveson were also present. The Court noted other appearances as stated on the record.

The Court having considered the oral presentation by counsel in support of confirmation of the Plan, and, after due deliberation as set forth below, finds that good cause appears for confirmation of the Plan. Accordingly, the Court, together with the findings of fact and conclusions of law made on the record at the Confirmation Hearing pursuant to Fed. R. Bankr. P.

7052 and specifically incorporated herein by Fed. R. Bankr. P. 9014, hereby enters its **FINDINGS OF FACT** ("**Findings**") as follows:

1.      This Court relies on and takes judicial notice pursuant to Fed. R. Evid. 201 of the docket of these Chapter 11 Cases, including without limitation, all filed pleadings, papers, briefs, and declarations, expressly including the Plan and the Declarations filed in support thereof.

2.      Since each Debtor's petition date, the Debtors have continued managing their affairs as debtors-in-possession pursuant to Sections 1107(a)[1] and 1108 of the Bankruptcy Code.

3.      This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding in which the Court may enter a final order in accordance with 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§1408 and 1409.

4.      The Plan complies in all applicable respects with Section 1129(a)(1) of the Bankruptcy Code, including the requirements of Sections 1122 and 1123 of the Bankruptcy Code.

5.      The Plan complies in all applicable respects with Section 1129(a)(2) of the Bankruptcy Code. The Debtors and Committee, as the proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada, and orders of this Court with respect to the Plan.

6.      Good, sufficient, and timely notice of the Confirmation Hearing has been given to holders of Claims and the Interest Holders and to other parties-in-interest to whom notice is required to be given.

7.      The solicitation of votes was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code and all other rules, laws, and regulations, and such solicitation was conducted after disclosure of "adequate information" as defined in Section 1125 of the Bankruptcy Code. The *[Proposed] Amended Joint Disclosure Statement* [ECF No. 859], as amended by the *Notice of Amendments to Amended Joint Disclosure Statement* [ECF No. 958]

---

[1] References to the "**Code**" or "**Bankruptcy Code**" refer to Title 11, United States Code, and "**Section**" refers to sections of Title 11, United States Code.

1    and *Second Notice of Amendments to Joint Disclosure Statement* [ECF No. 1041, and together

2    with ECF Nos. 859 and 958, the "**Disclosure Statement**"], were all timely filed and properly

3    served and no further notice is required.

4            8.      The Plan has been proposed in good faith and not by any means forbidden by law,

5    as evidenced by, among other things, the totality of the circumstances surrounding the formulation

6    of the Plan and the record of these Chapter 11 Cases. The Plan provides the greatest opportunity

7    to maximize the value of the Debtors' estates to reorganize and successfully emerge from these

8    bankruptcy proceedings. The Debtors have exercised sound and reasonable business judgment in

9    proposing the Plan. As such, the Plan satisfies the requirements of Section 1129(a)(3) of the

10    Bankruptcy Code.

11            9.      The Plan complies with the requirements of Section 1129(a)(4) of the Bankruptcy

12    Code in that it discloses all payments made or to be made by the Debtors or the Reorganized

13    Debtors (as defined below) for services or for costs and expenses in or connected with the Chapter

14    11 Cases, and all such payments have been approved by or are subject to approval of the Court as

15    reasonably required.

16           10.     The Plan complies with the requirements of Section 1129(a)(5) of the Bankruptcy

17    Code in that the Debtors have disclosed the identity, affiliations, and compensation of the

18    individuals proposed to serve, after confirmation of the Plan, as directors, officers, or managers,

19    as applicable, of the Reorganized Debtors under the Plan and the appointment to, or continuance

20    in, such office of such individuals is consistent with the interests of holders of Allowed Claims

21    and Interests and with public policy.

22           11.     Section 1129(a)(6) of the Bankruptcy Code is inapplicable to these Chapter 11

23    Cases because the Debtors do not charge rates that are regulated by a governmental entity.

24           12.     The Plan complies with Section 1129(a)(7) of the Bankruptcy Code in that all

25    impaired Classes have voted to accept the Plan.

26           13.     In accordance with Section 1129(a)(8) of the Bankruptcy Code, all impaired

27    Classes voted to accept the Plan, those being, Classes 2A, 2B, 2C, 4, 5A, 5B, 5C, 6A, 6B, 6C,

28    and 7A. Classes 1, 7B, and 7C are unimpaired and therefore deemed to have accepted the Plan

1   pursuant to Section 1126(f) of the Bankruptcy Code.

2       14.   The Plan's treatment of Allowed Administrative Claims and other unclassified

3   priority claims as set forth in Section 507(a) satisfies the requirements set forth in Section

4   1129(a)(9) of the Bankruptcy Code.

5       15.   The Plan complies with Section 1129(a)(10) of the Bankruptcy Code in that ten

6   impaired Classes voted to accept the Plan without including acceptance(s) by any insider (as

7   defined by Section 101(31) of the Bankruptcy Code).

8       16.   The Plan complies with Section 1129(a)(11) of the Bankruptcy Code in that

9   confirmation will not likely be followed by the liquidation or the need for further financial

10   reorganization of the Reorganized Debtors, except as may be provided in the Plan. Evidence

11   submitted by the Debtors and Committee adequately shows that the Plan offers a reasonable

12   probability of success. Therefore, the Plan satisfies the feasibility test set forth in Section

13   1129(a)(11) of the Bankruptcy Code.

14       17.   The Plan complies with the requirements set forth in Section 1129(a)(12) of the

15   Bankruptcy Code in that the Plan provides for the payment of all fees under 28 U.S.C. § 1930 as

16   of the Effective Date or as they come due after such time.

17       18.   Section 1129(a)(13) of the Bankruptcy Code is inapplicable as Debtors pay no

18   retiree benefits, as the term is defined in Section 1114 of the Bankruptcy Code.

19       19.   The Debtors are not required or obligated on any domestic support obligation and

20   thus Section 1129(a)(14) of the Bankruptcy Code is inapplicable.

21       20.   The Debtors are not individuals and thus Section 1129(a)(15) of the Bankruptcy

22   Code is inapplicable.

23       21.   To the extent applicable to the Debtors, all transfers of property under the Plan

24   shall be made in accordance with any applicable provisions of non-bankruptcy law that govern

25   the transfer of property as required by Section 1129(a)(16) of the Bankruptcy Code.

26       22.   The requirements of Section 1129(b) of the Bankruptcy Code are not applicable.

27       23.   Without limitation, all documents and agreements necessary to implement the Plan

28   have been negotiated in good faith, at arm's length, and are in the best interests of the Debtors

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

and the Reorganized Debtors.

24.     The Debtors, Committee, and their attorneys and agents have acted in good faith with respect to the solicitation of votes to accept or reject the Plan, and the Debtors, Committee, and their attorneys and agents are entitled to the protection under Section 1125(e) of the Bankruptcy Code.

25.     The Court's retention of jurisdiction as set forth in Article XII of the Plan comports with the parameters contained in 28 U.S.C. § 157.

26.     The Court specifically retains jurisdiction as set forth in the Plan to adjudicate any cause(s) of action or other  proceeding(s) presently pending or otherwise referenced in the Plan, including, but not limited to, the adjudication of any and all (1) matters which were "core proceedings" under 28 U.S.C. § 157(b) at the time the Chapter 11 Cases were commenced; (2) any matters which the Debtors may deem appropriate to initiate and prosecute in aid of its reorganization; (3) any matters related to the allowability and payment of Claims upon any objections thereto, and (4) any matters involving the collection and reduction to money of property of the estate at the time the Chapter 11 Cases were filed.

27.     Notice of all proceedings regarding or relating to confirmation of the Plan, including without limitation the Confirmation Hearing, was adequate under the circumstances and complied with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

28.     The Confirmation Date as defined under the Plan is the date on which this Court's order confirming the Plan is entered on the docket, and the Effective Date is designated as December 30, 2024, at which time the Debtors will be the **Reorganized Debtors.**

The Court, having entered its Findings, hereby enters its **Conclusions of Law** and **ORDERS, ADJUDGES AND DECREES** that:

1.     To the extent any Finding set forth in the Findings shall be determined to be a Conclusion of Law, it shall be so deemed, and vice versa.

2.     The Plan is confirmed as having satisfied all of the applicable requirements of Title 11, United States Code.

3.     Any objection to the Plan not resolved by the terms of the Confirmation Order or

by a statement announced on the record at the Confirmation Hearing and not otherwise withdrawn, waived, or settled, is overruled and denied.

4.     The Disclosure Statement, as amended, contained adequate information under 11 U.S.C. § 1125 and is approved on a final basis.

5.     All acceptances to the Plan made after solicitation of votes but before subsequent amendments, supplements, and modifications are deemed pursuant to 11 U.S.C. § 1127(d) and Fed. R. Bankr. P. 3019 to be acceptances to the final modified Plan as confirmed because such amendments, modifications, and supplements did not adversely affect any accepting party's Plan treatment.

6.     Except as otherwise provided in Section 1141(d) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against, or Interest Holder in, the Debtors and their successors and assigns, or in the assets of the Debtors, their successors and assigns, in each case regardless of whether the Claim or Interest of such holder is impaired under the Plan and whether such holder has accepted the Plan. The Debtors agree that their debts shall not be discharged pursuant to 11 U.S.C. §1141(d)(1)(A) until such time as the Debtors satisfy their obligations under the Plan to general unsecured creditors in Classes 4, 5A, 5B, 5C, 6A, and 6C (for those claimants in Class 6C electing treatment as general unsecured creditors).

7.     Pursuant to Sections 105(a), 1123(b)(3), 1129, and 1141 of the Bankruptcy Code and Rules 3016 and 9019 of the Federal Rules of Bankruptcy Procedure, the assumptions/rejections, settlements, compromises, discharges, releases, and injunctions set forth in the Plan are approved as an integral part of the Plan, are fair, equitable, reasonable, and in the best interest of the Debtors, their estates, and the holders of Claims and Interests.

8.     The Debtors and Committee, and their respective professionals and agents, have acted in good faith with respect to the solicitation of votes to accept or reject Plan, and the Debtors and Committee, and their respective professionals and agents, are entitled to protection under Section 1125(e) of the Bankruptcy Code.

9.     The Court's retention of jurisdiction as set forth in Section XII of the Plan

comports with the parameters contained in 28 U.S.C. § 157 and is affirmed.

10.    The failure specifically to include or reference any particular provision of the Plan in these Findings and/or Conclusions of Law shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety, as amended, supplemented, and modified.

11.    To the extent these Findings and Conclusions and/or the Confirmation Order and/or the Plan is inconsistent with the Disclosure Statement, or any other agreement entered into by the Debtors and any third party: (i) the Plan shall control the Disclosure Statement and any such agreements between Debtors and any third party; and (ii) these Findings and Conclusions and the Confirmation Order (and any other orders of the Court) shall control the Plan.  For clarification purposes, the Plan and these Findings and Conclusions and Confirmation Order do not release any non-debtor or insider of the Debtors from personal liability to any Creditor under the Plan, unless by express written agreement by such Creditor.


Submitted by:

HARRIS LAW PRACTICE LLC                    McDONALD CARANO LLLP


/s/ Norma Guariglia                                      /s/ Sallie B. Armstrong
_____        _____
Norma Guariglia, Esq.                                  Sallie B. Armstrong, Esq.
Attorneys for Jointly Administered Debtors    Attorneys for Committee


Approved December 24, 2024.                    Approved December 24, 2024.

UNITED STATES TRUSTEE,                       SNELL & WILMER
REGION 17

/s/ Jared A. Day                                           /s/ Robert R. Kinas
_____        _____
Jared A. Day, Esq.                                       Robert R. Kinas, Esq.
Trial Attorney                                              Nathan G. Kanute, Esq.
                                                                   Attorneys for Wilmington Trust

**CERTIFICATION RE: RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

*See signature blocks on preceding pages.*

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR9014(g), and that no party has objected to the form or content of the order.

Dated December 24, 2024.

HARRIS LAW PRACTICE LLC

*/s/ Norma Guariglia*

_____
NORMA GUARIGLIA, ESQ
*Attorneys for Jointly Administered Debtors*

### 

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

9