HARRIS LAW PRACTICE LLC
STEPHEN R. HARRIS, ESQ. (NSBN 1463)
Email: steve@harrislawreno.com
NORMA GUARIGLIA, ESQ. (NSBN 16244)
Email: norma@harrislawreno.com
850 E. Patriot Blvd., Suite F
Reno, NV 89511
Telephone: (775) 786-7600
*Attorneys for Jointly Administered Debtors*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

\* \* \* \* \*

| IN RE: | Case No.: BK-23-50177-hlb |
|---|---|
| GUARDIAN FUND, LLC, | Case No.: BK-23-50233-hlb **Consolidated Under Case No. BK-23-50177-hlb** (Chapter 11) |
| ☒ AFFECTS THIS DEBTOR | |
| ☐ AFFECTS GUARDIAN CV1, LLC | Jointly Administered with: |
| ☐ AFFECTS GUARDIAN CV2, LLC | |
| ☐ AFFECTS ALL DEBTORS | |
| Debtors. | |

| 23-50951-hlb | Guardian CV1, LLC |
|---|---|
| 23-50952-hlb | Guardian CV2, LLC |

**OBJECTION TO ALLOWANCE OF CLAIM NO. 388 [BXB HOLDINGS, LLC-212 S. MINNESOTA ST. SERIES ]**

Hrg. Date:  August 22, 2025
Hrg. Time: 1:30p.m.
Est. Time:  5 minutes
Set By:     Calendar Clerk

GUARDIAN FUND, LLC ("**Guardian**" or "**Debtor**"), reorganized debtor in the above-captioned jointly administered chapter 11 case, through its counsel, HARRIS LAW PRACTICE LLC, files its *Objection to Allowance of Claim No. 388 [BXB Holdings, LLC-212 S. Minnesota St. Series]* ("**Claim Objection**").

This Claim Objection is based on these points and authorities, the pleadings, and papers on file with this Court of which the Debtor asks the Court to take judicial notice pursuant to Fed. R. Evid. 201, and oral argument of counsel at the hearings on this matter.

## BACKGROUND

1. On August 14, 2023, BXB Holdings, LLC-212 S. Minnesota St. Series ("**BXB-Minnesota St**" or "**Claimant**") filed Claim No. 388 in Case No. 23-50177-hlb and subsequently filed an Amended claim on August 25, 2023 (collectively "**Claim**") for an alleged unsecured amount of $39,441.83 based on alleged damages related to its investment in Guardian. *See Claim* (Amended Claim, without exhibits, is attached hereto as **Exhibit A**). The Claim appears to be apportioned as Class 6A claims for fixed rent due $4,641.43 and property rehabilitation estimate in the amount of $34,800.00 along with an unstated amount for loss of value, Class 6B claim. *See Claim*.

2. On October 21, 2024, the Debtors and Committee filed their *Second Amended Joint Plan of Reorganization* dated October 20, 2024 [ECF No. 956], and later filed a *Supplement to Second Amended Joint Plan of Reorganization* [ECF No. 997], a *First Amendment to Second Amended Joint Plan of Reorganization* [ECF No. 1040], a *Second Supplement to Second Amended Joint Plan of Reorganization* [ECF No. 1065] and a *Modified Second Amended Joint Plan of Reorganization* [ECF No. 1069, and collectively with ECF Nos. 956, 997, 1040, and 1065, the "**Plan**"]).

3. The hearing to consider confirmation of the Plan was held on December 12, 2024. On December 27, 2024, the Court then entered its *Order Confirming Second Amended Joint Plan of Reorganization, As Modified* [ECF No. 1083] and its *Findings of Fact and Conclusions of Law in Support of Order Confirming Second Amended Joint Plan of Reorganization, As Modified* [ECF No. 1082]. The Effective Date of the Plan was December 30, 2024. *See* ECF No. 1086.

4. BXB- Minnesota St's Claim is classified in the Plan as a Class 6A claim for damages related to an alleged breach of master lease, among other things and Class 6B for loss of value.

5. On November 23, 2024, before the Plan confirmation hearing, Guardian and the Committee filed their *Motion Pursuant to 11 U.S.C. 502(c) (1) Estimating Claims of Class 6B Claimants under Second Amended Joint Plan of Reorganization* [ECF No 1021] ("**Estimation Motion**"). The Estimation Motion was granted, and the Court entered its Order on January 10,

2025 [ECF No. 1087] ("**Estimation Order**"). The Estimation Order established the method for allowing Class 6B claims "Damage Calculation."[1] The Estimation Order also provided for a "Percentage Calculation," calculated as a percentage of the total Damage Calculation. The percentage is calculated as 20% of the Property Value Difference (difference between Cost Basis and Est. Market Value) for 1031 Exchange claimants and 50% of the Property Value Difference for non-1031 Exchange claimants.

6. The time to opt-out of the approved Percentage and Damage Calculation expired February 27, 2025. The time to opt-out has passed and the estimated damage calculations contained in the Estimation Order for 6B claimants not exercising the right to opt-out are final. [ECF No 1087]. BXB- Minnesota St elected to opt out of both the Percentage and Damage Calculations.

7. BXB- Minnesota St purchased their properties through a 1031 Exchange transaction. Guardian has calculated an estimated value for BXB- Minnesota St' Class 6B Claims utilizing the "Damage Calculation" method established by the Court in the Estimation Order for 1031 Exchange claimants in the allowed amount of $0.00. [ECF No 1087].

8. As previously briefed to this Court in connection with the Plan confirmation, all investment materials and transaction documents advised investors like BXB- Minnesota St that they were buying a security, which consisted of an investment that included a future stream of income, in addition to receiving ownership of tangible real properties. Thus, BXB- Minnesota St knew at the time of their purchase that they were likely paying for something more than the current market value of the underlying properties.

9. Additionally, as part of the 1031 Exchange, BXB- Minnesota St had to attest that the market value of the assets they were purchasing was equal to the purchase price. At an evidentiary hearing on this Claim Objection after a reasonable time for discovery, Guardian will show that BXB- Minnesota St made the required 1031 Exchange disclosures.

10. Based on these facts and more to be shown at any evidentiary hearing, BXB-

---

[1] Unless otherwise noted "Damage Calculation" and "Percentage Calculation" are defined as set forth in the Estimation Motion and Estimation Order.

Minnesota St's Claim should not be allowed as a Class 6B Claim for any amount in excess of the calculation in the Estimation Order. Guardian has calculated an estimated value for BXB-Minnesota St' Class 6B Claim utilizing the "Damage Calculation" method established by the Court in the Estimation Order for other 1031 Exchange claimants in the allowed amount of $0.00. The total estimated market values of the underlying properties on the March 17, 2023, petition date, were more than BXB- Minnesota St's investor cost basis, and BXB- Minnesota St has provided no credible basis or documentation to support a different outcome. [ECF No. 1087]

11. BXB- Minnesota St' Claim also states an alleged Class 6A claim in a stated amount of $39,441.83 apportioned as $4,641.43 for fixed rent and $34,800.00 for repairs/rehabilitation. The Claim includes some documentation submitted in support of the alleged Class 6A lease damages which has been reviewed and evaluated by Guardian along with the fixed rent claim based on the Lease Agreement ("**Lease**") pursuant to which BXB- Minnesota St leased their properties back to Guardian in exchange for payment of certain fixed rent.

12. Pursuant to the terms of the Lease, Claimants have asserted Lease damage claims classified as Class 6A claims. Prepetition unpaid fixed rent claims are the most common damage claim under the Class 6A classification. Guardian was required to pay fixed rent under the Lease in an amount calculated as an annual percentage of the lessor's investment/ purchase price of the leased properties. However, pursuant to Section 2(B) of the Lease, "Lessee reserves the right to adjust the Fixed Rent to market conditions no more than two times per year with a 30-day notice." Guardian notified lessors, including BXB- Minnesota St, on December 7, 2022 that pursuant to current conditions, the Fixed Rent due under their Lease was adjusted to 0.00%.

13. Prior to expiration of the 30-day notice period, 37 days remained in prepetition fixed rent at the applicable rate of 6.7% due to lessors. Guardian has assessed these claims as follows: 37 days of fixed rent at 6.7% of claimant's property acquisition cost ($262,580.00), reflecting the standard pr-petition possession period preceding the cessation of rent payments, covering the period from December 1, 2022, through January 6, 2023 (30 days after notice of cessation of fixed rent). This period reflects the estimated duration during which rent was owed to BXB- Minnesota St but not paid prior to reduction of the fixed rent payment to 0%.

14. As explained above, BXB- Minnesota St' Claim references damages for loss of fixed rent based on the terms of the Lease, although such damages are not specifically stated or itemized. Guardian has calculated the past due fixed rent owing to BXB- Minnesota St through the petition date of March 17, 2023, at $1,783.39($262,580.00 x 6.7%/365 x 37=$1,783.39).

15. In addition to unpaid fixed rent under the Lease, Guardian has evaluated all claims for documented, unpaid prepetition obligations incurred under the Lease, including but not limited to, property taxes, utility bills, HOA dues, municipal liens, and other operating expenses if documentation was included in a proof of claim. No such documentation was provided in BXB- Minnesota St's Claim; therefore, Guardian has assessed a $0.00 for such Lease liabilities.

16. Guardian has evaluated all claims for property damage expenses to ascertain whether any substantiated damage occurred after acquisition of the property from Guardian and prior to March 17, 2023. Damage must be attributable to Guardian's breach under the Lease and not attributable to ordinary wear and tear or to conditions existing at the time of acquisition/lease start date. No credible documentation was provided in BXB- Minnesota St's Claim; therefore, Guardian has assessed a $0.00 value for property damage expenses.

17. On these grounds and more to be proven at a future hearing, Guardian objects to allowance of BXB- Minnesota St's Claim and based on the foregoing asks the Court to allow the Claim in the reduced total sum of $1,783.39, with $0.00 treated as a Class 6B claim under the Plan, and $1,783.39 treated as a Class 6A claim under the Plan.

## JURISDICTION AND VENUE

18. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). Venue of Debtor's chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

19. The basis for the relief sought here is section 502 of the Bankruptcy Code, Fed. R. Bankr. P. 3007 and 9014, and Local Rules 3007 and 9014.

20. Guardian confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9014.2, to entry of a final order by the Court on this Claim Objection if it is later determined the

Court, absent consent of the parties, cannot enter final orders or judgments on this matter consistent with Article III of the United States Constitution.

## LEGAL ARGUMENT

**A. Standards for disallowance of proofs of claim under 11 U.S.C. § 502.**

The Bankruptcy Code provides that a proof of claim "is deemed allowed, unless a party in interest, . . . objects." 11 U.S.C. § 502(a). A party in interest can object to allowance of a proof of claim. *See* 11 U.S.C. 502(a); Fed. R. Bankr. P. 3007(a).

A creditor's filed claim under 11 U.S.C.§ 502(a) results in a prima facie valid claim if the creditor accompanies its proof of claim with non-contradictory evidence of its validity, including a writing if the claim is based on a writing or evidence of a perfected security interest if it claims a security interest in debtor's property. *See Ashford v. Consol. Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995); *In re X-Treme Bullets*, Case No. 3:19-cv-00637-MMD, 2020 U.S. Dist. LEXIS 140413 *14, 2020 WL 4432365 (D. Nev. July 31, 2020). A party objecting to the claim must only produce evidence that "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Ashford*, 178 B.R. at 226 (citations omitted).

Once the objector produces evidence to negate one or more sworn facts in the proof of claim, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence, [and] the burden of persuasion is always on the claimant." *Id.*; *Lundell v. Anchor Constr. Specialists, Inc*., 223 F.3d 1035, 1040 (9th Cir. 2000) (noting that the bankruptcy court correctly "understood that the ultimate burden of persuasion was on the creditor[]").

Here, BXB- Minnesota St failed to attach credible documentation for Lease damages to substantiate any alleged Class 6A claims in addition to the claims allowed. The portion of BXB-Minnesota St's Claim attributed to alleged breach of contract/loss in property value is calculated in the same manner as other Class 6B claims resulting in an amount of $0.00 under the Plan. BXB- Minnesota St has provided no credible evidence to support a different outcome.

## CONCLUSION

In conclusion, Guardian respectfully requests an order allowing BXB- Minnesota St's

1  Claim only in the reduced total sum of $1,783.39, with $0.00 treated as a Class 6B claim under
2  the Plan, and $1,783.39 treated as a Class 6A claim under the Plan, with any other alleged Claim
3  amounts disallowed entirely; and for such other proper relief under the circumstances.
4      Dated June 30, 2025.

HARRIS LAW PRACTICE LLC

/s/ Norma Guariglia
NORMA GUARIGLIA, ESQ.
*Counsel for Jointly Administered Debtors*

**CERTIFICATE OF SERVICE**

On June 30, 2025, the foregoing document was served via ECF automated system to all parties registered with ECF in this case on the date and time I filed the document with the Court's ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Dated   June30, 2025.

/s/ Norma Guariglia
_____
Norma Guariglia

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Guardian Fund, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Nevada |
| Case number | Lead BK-23-50177-hlb |

Substantively Consolidated with: Case No. BK- 23-50233-hlb

Official Form 410

# Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
BXB Holdings, LLC - 212 S. Minnesota St. Series
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: BXB Holdings, LLC

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Louis M. Bubala III, Kaempfer Crowell
Name
50 W. Liberty Street, Suite 700
Number    Street
Reno                NV        89501
City                State     ZIP Code
Contact phone  775-852-3900
Contact email  lbubala@kcnvlaw.com

Where should payments to the creditor be sent? (if different)
BXB Holding, LLC, Sarah Brown as Manager
Name
P.O. Box 12873
Number    Street
Reno                NV        89510
City                State     ZIP Code
Contact phone  (775) 297-1905
Contact email  bxbholdingsllc@gmail.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**
☐ No
☒ Yes. Claim number on court claims registry (if known) 388
Filed on 08/14/2023
         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                     Proof of Claim                                   page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $_____39,441.83_____. **Does this amount include interest or other charges?**
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Breach of lease agreement, misrepresentation of property values.

9. **Is all or part of the claim secured?**
   ☑ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $_____
   **Amount of the claim that is secured:** $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

Official Form 410            **Proof of Claim**            page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08/25/2023
                  MM / DD / YYYY

Signature: /s/ Louis M. Bubala III

**Print the name of the person who is completing and signing this claim:**

Name: Louis M. Bubala III
       First name    Middle name    Last name

Title: Counsel for BXB Holdings, LLC

Company: Kaempfer Crowell
*Identify the corporate servicer as the company if the authorized agent is a servicer.*

Address: 50 W. Liberty Street, Suite 700
         Number   Street
         Reno                              NV        89501
         City                              State     ZIP Code

Contact phone: (775) 852-3900      Email: lbubala@kcnvlaw.com

Official Form 410        **Proof of Claim**        page 3