1  HARRIS LAW PRACTICE LLC
   STEPHEN R. HARRIS, ESQ. (NSBN 1463)
2  Email: steve@harrislawreno.com
   NORMA GUARIGLIA, ESQ. (NSBN 16244)
3  Email: norma@harrislawreno.com
4  850 E. Patriot Blvd., Suite F
   Reno, NV 89511
5  Telephone: (775) 786-7600
   *Attorneys for Jointly Administered Debtors*
6

7
                    UNITED STATES BANKRUPTCY COURT
8
                       FOR THE DISTRICT OF NEVADA
9
                                * * * * *
10
   IN RE:                                 Case No.: BK-23-50177-hlb
11                                        Case No.: BK-23-50233-hlb
   GUARDIAN FUND, LLC,                    **Consolidated Under Case No. BK-23-50177-hlb**
12                                        (Chapter 11)
   ☒ AFFECTS THIS DEBTOR
13                                        Jointly Administered with:
   ☐ AFFECTS GUARDIAN CV1, LLC
14
                                          | 23-50951-hlb | Guardian CV1, LLC |
   ☐ AFFECTS GUARDIAN CV2, LLC            | 23-50952-hlb | Guardian CV2, LLC |
15
   ☐ AFFECTS ALL DEBTORS
16                                        **OMNIBUS OBJECTION TO**
        Debtors.                          **ALLOWANCE OF CLASS 7A CLAIMS**
17                                        **[PART I]**

18                                        Hrg. Date:  August 22, 2025
                                          Hrg. Time:  1:30 p.m.
19                                        Est. Time:  5 minutes
                                          Set By:     Calendar Clerk
20
   _____/
21

22       GUARDIAN FUND, LLC ("**Guardian**" or "**Debtor**"), reorganized debtor in the above-

23  captioned jointly administered chapter 11 case, through its counsel, HARRIS LAW PRACTICE

24  LLC, files its *Omnibus Objection to Allowance of Class 7A Claims [Part I]* ("**Claim Objection**").

25       This Claim Objection is based on these points and authorities, the pleadings, and papers

26  on file with this Court of which the Debtor asks the Court to take judicial notice pursuant to Fed.

27  R. Evid. 201, and oral argument of counsel at the hearings on this matter.

28

**BACKGROUND**

1. The Debtor seeks entry of an order disallowing the equity interest claims listed on the attached Exhibit A, on the basis that the claims represent equity interests in the Debtor. This Claim Objection incorporates multiple claims filed on various dates. Claimants can locate their name on the attached Exhibit A, which lists the claims in alphabetical order (Last Name, First Name). Exhibits B1 and B2 hereto incorporates the first page of each claim the Debtor is objecting to.

2. On October 21, 2024, the Debtors and Committee filed their *Second Amended Joint Plan of Reorganization* dated October 20, 2024 [ECF No. 956], and later filed a *Supplement to Second Amended Joint Plan of Reorganization* [ECF No. 997], a *First Amendment to Second Amended Joint Plan of Reorganization* [ECF No. 1040], a *Second Supplement to Second Amended Joint Plan of Reorganization* [ECF No. 1065] and a *Modified Second Amended Joint Plan of Reorganization* [ECF No. 1069, and collectively with ECF Nos. 956, 997, 1040, and 1065, the "**Plan**").

3. The hearing to consider confirmation of the Plan was held on December 12, 2024. On December 27, 2024, the Court then entered its *Order Confirming Second Amended Joint Plan of Reorganization, As Modified* [ECF No. 1083] and its *Findings of Fact and Conclusions of Law in Support of Order Confirming Second Amended Joint Plan of Reorganization, As Modified* [ECF No. 1082]. The Effective Date of the Plan was December 30, 2024. *See* ECF No. 1086.

4. Accordingly, pursuant to FRBP 3007(d)(2)(G), Guardian objects to all claims listed on the attached Exhibit A on the basis that they represent equity interests, not claims, as they arise from Claimants' purchase of membership units in Guardian pursuant to certain subscription agreements. All existing equity holders will retain their Class 7A equity interests in Guardian as set forth in the Plan.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). Venue of Debtor's chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409.

6.      The basis for the relief sought here is section 502 of the Bankruptcy Code, Fed. R. Bankr. P. 3007 and 9014, and Local Rules 3007 and 9014.

7.      Guardian confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9014.2, to entry of a final order by the Court on this Claim Objection if it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments on this matter consistent with Article III of the United States Constitution.

## LEGAL ARGUMENT

**A. Standards for disallowance of proofs of claim under 11 U.S.C. § 502.**

The Bankruptcy Code provides that a proof of claim "is deemed allowed, unless a party in interest, . . . objects." 11 U.S.C. § 502(a). A party in interest can object to allowance of a proof of claim. *See* 11 U.S.C. 502(a); Fed. R. Bankr. P. 3007(a).

A creditor's filed claim under 11 U.S.C.§ 502(a) results in a prima facie valid claim if the creditor accompanies its proof of claim with non-contradictory evidence of its validity, including a writing if the claim is based on a writing or evidence of a perfected security interest if it claims a security interest in debtor's property. *See Ashford v. Consol. Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995); *In re X-Treme Bullets*, Case No. 3:19-cv-00637-MMD, 2020 U.S. Dist. LEXIS 140413 *14, 2020 WL 4432365 (D. Nev. July 31, 2020). A party objecting to the claim must only produce evidence that "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Ashford*, 178 B.R. at 226 (citations omitted).

Once the objector produces evidence to negate one or more sworn facts in the proof of claim, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence, [and] the burden of persuasion is always on the claimant." *Id.*; *Lundell v. Anchor Constr. Specialists, Inc*., 223 F.3d 1035, 1040 (9th Cir. 2000) (noting that the bankruptcy court correctly "understood that the ultimate burden of persuasion was on the creditor[]").

## CONCLUSION

In conclusion, Guardian respectfully requests an order disallowing the Claims listed in the

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD.
SUITE F
RENO, NEVADA 89511
775 786 7600

attached Exhibit A in their entirety as general unsecured claims pursuant to FRBP 3007(d)(2)(G), but notwithstanding, all existing members (equity holders) of Guardian will retain their equity interests as set forth in Class 7A of the Plan; and for such other proper relief under the circumstances.

Dated June 30, 2025.

HARRIS LAW PRACTICE LLC

/s/ Norma Guariglia
NORMA GUARIGLIA, ESQ.
*Counsel for Jointly Administered Debtors*

**CERTIFICATE OF SERVICE**

On June 30, 2025, the foregoing document was served via ECF automated system to all parties registered with ECF in this case on the date and time I filed the document with the Court's ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Dated June 30, 2025.

/s/ Norma Guariglia
_____
Norma Guariglia